Filed 7/1/24  In re L.H. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re L.H., a Person Coming Under the Juvenile Court Law. | B329528 (Los Angeles County Super. Ct. No. 23LJJP00097A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. DENISE H., Defendant and Appellant. | |

THE COURT:

Denise H. (mother) appeals from the juvenile court's orders exerting dependency jurisdiction over her three-year-old daughter under Welfare and Institutions Code section 300, subdivision (c), and removing her from her custody.

After mother's appointed counsel filed an opening brief stating that she found no arguable issues (see *In re Phoenix H.* (2009) 47 Cal.4th 835 (*Phoenix H.*)), mother filed a supplemental letter on her own behalf. We have evaluated the record as well as the arguments presented in mother's supplemental letter, conclude there was no error, and dismiss this appeal pursuant to *Phoenix H.* and *In re Sade C.* (1996) 13 Cal.4th 952 (*Sade C.*).

**FACTS AND PROCEDURAL BACKGROUND**

Mother and Edwin H. (father) are the parents of L.H. (daughter) (born September 2019).

Mother and father split as a couple in June 2020, and have been locked in an ongoing dispute over daughter's custody ever since.

In May 2023, the juvenile court exerted dependency jurisdiction over daughter after sustaining an allegation that mother had repeatedly taken daughter to the hospital for forensic evaluations claiming that father had sexually abused daughter (which law enforcement and medical professionals could not substantiate) and had repeatedly examined daughter for evidence of abuse whenever she spent time with father. Because this course of conduct subjected daughter to emotional abuse, including instances in which she would scream and had to be

2

restrained by medical staff during some examinations, the court exerted jurisdiction on the ground that daughter had suffered or faced a substantial risk of suffering serious emotional damage, thereby rendering jurisdiction appropriate under subdivision (c) of section 300 of the Welfare and Institutions Code. The court then removed daughter from mother's custody, released her to father, and ordered both parents to complete parenting classes and counseling. Mother was also ordered to undergo a psychiatric evaluation.

On May 16, 2023, mother filed a timely notice of appeal.

## DISCUSSION

After examining the record, mother's appellate counsel filed an opening brief which raised no issues, and advised mother that she could request permission from this court to file a supplemental brief upon a showing of good cause that an arguable issue exists. (*Phoenix H.*, *supra*, 47 Cal.4th at pp. 843-844.)

On March 5, 2024, mother filed a nine-page letter brief asking this court "to reconsider" the juvenile court's decision and grant her custody of daughter. Mother asks this court to do something it cannot do, i.e., reweigh the evidence, resolve conflicts in the evidence in her favor, and reject the juvenile court's credibility determinations. (See, e.g., *T.W. v. Superior Court* (2012) 203 Cal.App.4th 30, 47 [appellate court must "defer to the juvenile court's findings of fact and assessment of the credibility of witnesses"]; *In re Jordan R.* (2012) 205 Cal.App.4th 111, 135 [in reviewing jurisdiction findings, the appellate court "do[es] not reweigh the evidence, evaluate the credibility of witnesses or resolve evidentiary conflicts"].)

This court presumes a trial court judgment is correct (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564), and it is the appellant who bears the burden of establishing error. Where an appellant does not establish an error, we may dismiss the appeal. (*Sade C.*, *supra*, 13 Cal.4th at p. 994.) Unlike in a criminal case, we have no duty to conduct an independent review of the record. (*Phoenix H.*, *supra*, 47 Cal.4th at pp. 841-843.)

In this case, mother's supplemental brief identifies no arguable issues on appeal. Mother has not raised any arguable issues regarding the sufficiency of the evidence supporting the juvenile court's findings and orders. We accordingly dismiss mother's appeal. (*Phoenix H.*, *supra*, 47 Cal.4th at p. 846; *Sade C.*, *supra*, 13 Cal.4th at p. 994.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

LUI, P. J.,          CHAVEZ, J.,          HOFFSTADT, J.

4